**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    GRACE E. LA,                                    No. C-08-5230 MMC

12           Plaintiff,                          **ORDER GRANTING IN PART AND
                                                 DENIED IN PART DEFENDANTS'**
13      v.                                       **MOTION TO DISMISS**

14    ANDRA LEONARD ALLEN, et al.,

15           Defendants

16    _____/

17           Before the Court is defendants Andra Leonard Allen ("Allen") and Forever

18    Diamonds's "Motion to Dismiss for Lack of Venue or in the Alternative to Transfer Venue,

19    Motion to Dismiss for Failure to State a Claim and Motion to Strike," filed in the Southern

20    District of California on June 19, 2008.  The motion was fully briefed during the period in

21    which the above-titled action was pending in the Southern District, and was resolved by the

22    Southern District except to the extent defendants sought dismissal for failure to state a

23    claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having read and

24    considered the papers filed in support of and in opposition to the remaining portion of the

25    motion, the Court rules as follows.[1]

26           Defendants seek an order dismissing the First, Third, Fourth, Sixth, and Seventh

27

28    _____

              [1]By order filed February 23, 2009, the Court took the matter under submission.

1  Causes of Action as alleged in Grace La's ("La") First Amended Complaint ("FAC").

2  **A.  First Cause of Action**

3      The First Cause of Action consists of two "counts."

4      **1.  Count One**

5      In support of Count One, La alleges that Allen offered to sell La an "ownership

6  interest in Forever Diamonds in exchange for [La] paying [Allen]" $105,000.00 (see FAC

7  ¶ 14.a.), that La "wired Allen the money" (see FAC ¶ 16), and that Allen never provided La

8  with a "prospectus" (see FAC ¶ 33).  Based on said allegations, La alleges a violation of 15

9  U.S.C. § 77e(b)(2), which provides that it is unlawful "to carry or cause to be carried

10  through the mails or in interstate commerce any [ ] security for the purpose or sale or for

11  delivery after sale, unless accompanied or preceded by a prospectus."  See 15 U.S.C.

12  § 77e(b)(2).

13      Defendants argue La has failed to adequately allege she purchased a "security" from

14  Allen.  The Court agrees.  Although La, in the First Cause of Action, quotes a statute that

15  defines the term "security" to include "any note, stock, treasury stock, security future, bond,

16  debenture, evidence of indebtedness, certificate of interest or participation in any

17  profit-sharing agreement" (see FAC ¶ 31 (quoting 15 U.S.C. § 77b(a)(1)), La fails to allege

18  that Allen and/or Forever Diamonds sold La a "note, stock, treasury stock, security future,

19  bond, debenture, evidence of indebtedness, certificate of interest or participation in any

20  profit-sharing agreement."  Contrary to defendants' argument, however, there is no

21  indication La is unable to amend to allege sufficient facts to support a finding that the

22  alleged "ownership interest" Allen sold her constituted a "security."  See, e.g., United

23  Sportfishers v. Buffo, 597 F.2d 658, 660 (9th Cir. 1978) (holding "basic test" for "security" is

24  "whether the scheme involves an investment of money in a common enterprise with profits

25  to come solely from the efforts of others").[2]

26  _____

27      [2]In another cause of action, specifically, the Seventh Cause of Action, La alleges
that Allen sold her, in exchange for the $105,000, a "secured interest in Forever
28  Diamonds," which interest she also describes as "part of an offering for capitalization
purposes."  (See FAC ¶¶ 75, 76.)  Defendants have not demonstrated La could not amend

1    Accordingly, Count One of the First Cause of Action will be dismissed, with leave to

2    amend.[3]

3        **B.  Count Two**

4        In support of Count Two, La alleges that before she "invest[ed]" the $105,000 in

5    Forever Diamonds, Allen made the following "misrepresentations of material fact to [La] to

6    induce her to invest in Forever Diamonds":  (1) Allen "offered to sell [La] an ownership

7    interest in Forever Diamonds" in exchange for $105,000, which statement La alleges was

8    false when made because Allen "had no intention of ever giving [La] documented proof of

9    her ownership interest in Forever Diamonds"; (2) Allen told La that "investing in Forever

10   Diamonds would be a sound investment" and "she would begin to see a profit from her

11   investment in July 2007," which statements La alleges were false when made because

12   "Allen never intended for [La] to realize a profit"; (3) Allen "later" told La "she would begin to

13   see a profit no later than January 2008," which statement La alleges was false when made

14   because "Allen never intended for [La] to realize a profit"; and (4) Allen "failed to disclose

15   [La's] right to review a prospectus," which failure to disclose occurred because, according

16   to La, Allen "never intended to give her any profits."  (See FAC ¶ 14.)

17       Based on the above, La alleges a violation of 15 U.S.C. § 77l(a)(2), which prohibits a

18   person from "offer[ing] or sell[ing] a security . . .  by the use of any means or instruments of

19   transportation or communication in interstate commerce or of the mails, by means of a

20   prospectus or oral communication, which includes an untrue statement of a material fact or

21   omits to state a material fact necessary in order to make the statements, in the light of the

22   _____

23   to allege, for purposes of the First Cause of Action, that Allen sold her a "security."  See
     United Sportfishers, 597 F.2d at 660 (stating "touchstone" of security is "presence of an
24   investment in a common venture premised on a reasonable expectation of profits to be
     derived from the entrepreneurial or managerial efforts of others," and that "profits," for such
25   purpose, include "capital appreciation resulting from the development of the initial
     investment").

26       [3]Defendants also argue Count One of the First Cause of Action is subject to
     dismissal because La has failed to allege fraud with specificity.  Contrary to defendants'
27   argument, however, a claim under § 77e(b)(2) does not sound in fraud.  See LeCroy v.
     Dean Witter Reynolds, Inc., 585 F. Supp. 753, 759 (E.D. Ark. 1984) (holding where person
28   violates § 77e(b)(2), "he has merely committed a procedural infirmity, not fraud").

3

1  circumstances under which they were made, not misleading (the purchaser not knowing of

2  such untruth or omission), and who shall not sustain the burden of proof that he did not

3  know, and in the exercise of reasonable care could not have known, of such untruth or

4  omission."  See 15 U.S.C. § 77l(a)(2).

5       Defendants argue that Count Two is deficient for failure to allege fraud with the

6  particularity mandated by the heightened pleading requirements set forth in Rule 9(b) of the

7  Federal Rules of Civil Procedure and in the Private Securities Litigation Reform Act of 1995

8  ("PSLRA").  The Court agrees.

9       First, La's allegations that three of the four above-referenced statements were made

10 "[s]ometime prior to February 5, 2007" and that the fourth statement was made "later" are

11 insufficient to specify when the statements were made.  See, e.g., Moore v. Kayport

12 Package Express, Inc., 885 F. 2d 531, 541 (9th Cir. 1989) (holding allegation that

13 defendants, over course of six months, "devised, intended to devise and carried out, a

14 scheme to defraud" insufficient to "specify the time" of alleged fraud).[4]

15      Second, La's allegation that the statements were false or misleading when made is

16 insufficient.  Under the PSLRA, the plaintiff must plead "the reason or reasons why [each]

17 statement is misleading, and, if an allegation regarding the statement or omission is made

18 on information and belief, the complaint shall state with particularity all facts on which that

19 belief is formed."  See In re Daou Systems, Inc., 411 F.3d 1006, 1014 (9th Cir. 2005)

20 (internal quotation and citation omitted).  In so doing, the plaintiff must "reveal the sources

21 of her information."  See id. at 1015.  La fails to allege any facts, let alone "all" facts, to

22 support her allegations that Allen "had no intention" of providing La a prospectus and that

23 Allen "never intended" to give La any profits, and, further, fails to identify the source or

24 sources for her beliefs as to Allen's intentions.

25

26      [4]In another cause of action, the Fourth Cause of Action, La alleges Allen made the
   statements that support Count Two, or at least some of them, on or about February 5,
27 2007.  (See FAC ¶ 56.)  Defendants have not demonstrated La could not amend to allege
   with more particularly the dates on which Allen made the statements on which Count Two
28 is based.

1    Third, La's allegation that Allen acted "with the intent to deceive or defraud [La]" (see

2  FAC ¶ 15) is insufficient.  Under the PSLRA, the plaintiff must "state with particularity all

3  facts giving rise to a strong inference of the required state of mind," see In re Silicon

4  Graphics, 183 F.3d 970, 983 (9th Cir. 1999), and must identify "the sources of her

5  information," see id. at 985.  The FAC fails to include any facts to support La's conclusory

6  allegation regarding scienter, let alone "all facts" upon which the allegation is based, and La

7  fails to identify the source or sources of her information.

8    Finally, La, for the reasons discussed above with respect to Count One, has failed to

9  allege any facts to support her allegation that Allen offered to sell La a "security."

10    Accordingly, Count Two of the First Cause of Action will be dismissed, with leave to

11  amend.

12  **B.  Third Cause of Action**

13    In support of the Third Cause of Action, La alleges that on or about July 28, 2007, La

14  and Allen executed a "writing" in which Allen stated he owed plaintiff a "balance" of

15  $181,000.00; La further alleges she has "demanded" Allen pay the balance, but Allen has

16  paid "no portion of the owed sum."  (See FAC ¶¶ 51, 52.)  Based on these allegations, La

17  asserts a claim titled "Account Stated."

18    Defendants do not argue that the allegations made, if proven, would be sufficient to

19  establish a claim for "account stated."  Rather, defendants argue, the Third Cause of Action

20  is subject to dismissal because La has failed to offer any "evidence" to support her

21  allegations (see Defs.' Mot. at 16:24-26), and, in particular, "has produced no statement or

22  bill," (see Defs.' Reply at 9:14-15).  Defendants' arguments pertaining to the sufficiency of

23  evidence are premature at the pleading stage.

24    Accordingly, defendants have failed to show the Third Cause of Action is subject to

25  dismissal at the pleading stage.

26  **C.  Fourth Cause of Action**

27    In support of the Fourth Cause of Action, a fraud claim arising under state law, La

28  alleges that on November 14, 2006, Allen told La that "he was short on cash" and would

5

1   "repay" La if she loaned him $500.  (See FAC ¶ 58.a.)  La also alleges that on or about

2   February 5, 2007, Allen made the following "representations" to her:  Allen was

3   "knowledgeable in the jewelry business," he "held an ownership interest in a company

4   called Forever Diamonds," he would give her an "interest in Forever Diamonds if she gave

5   him" $105,000, he would "invest" in Forever Diamonds the $105,000 she gave him, and

6   "she would begin to see a profit from her investment by July 2007."  (See FAC ¶ 56.)  La

7   further alleges that, on a date not specified in the FAC, Allen told La "she would begin to

8   see a profit no later than January 2008."  (See FAC ¶ 56.e.)  Additionally, La alleges that on

9   or about February 26, 2007, Allen made the following "representations" to her:  Allen was

10  "knowledgeable in investing money for other persons," La "would earn a higher interest rate

11  by investing her money in certificates of deposit in Texas than if she invested in certificates

12  of deposits in California," and Allen would "invest money in certificates of deposit and other

13  investment instruments on [La's] behalf in the state of Texas if she gave him" $75,000.

14  (See FAC ¶ 57.)  Further, La alleges that on or about June 29, 2007, Allen "stated he was

15  short on cash and agreed to repay [La] if she loaned him" $500."  (See FAC ¶ 58.b).  La

16  alleges that each of the above-referenced statements was "false."  (See FAC

17  ¶ 60.)

18         Defendants argue the Fourth Cause of Action is not pleaded in conformity with Rule

19  9(b).  The Court agrees.

20         First, with respect to the statement that Allen told La "she would begin to see a profit

21  no later than January 2008" (see FAC ¶ 56.e.), La fails to allege when such statement was

22  made.

23         Second, with respect to each statement on which the Fourth Cause of Action is

24  based, La fails to allege the requisite "evidentiary facts" to support her allegation that each

25  statement was false when made.  See Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir.

26  1995) (holding Rule 9(b) requires plaintiff to allege "what is false or misleading about the

27  statement, and why it is false," meaning plaintiff must "plead evidentiary facts" to support

28  allegation "statement was untrue or misleading when made").  Rather, La has merely

6

1   alleged the conclusion that the statements were false when made.  (See FAC ¶ 60.)

2           Accordingly, the Fourth Cause of Action will be dismissed, with leave to amend.

3   **D.  Sixth Cause of Action**

4           In support of the Sixth Cause of Action, La realleges that Allen made to her the

5   same statements on which the Fourth Cause of Action are based (see FAC ¶ 67), and,

6   additionally, alleges that Allen told her, on or about February 5, 2008, that Allen "had the

7   authority to act as the agent for Forever Diamonds."  (See FAC ¶ 70.)  Based on such

8   statements, La alleges a violation of § 25401 of the California Corporations Code.  Section

9   25401 provides that it is unlawful to "offer or sell a security . . .  by means of any written or

10   oral communication which includes an untrue statement of a material fact or omits to state

11   a material fact necessary to make the statements made, in light of the circumstances under

12   which they were made, not misleading."  See Cal. Corp. Code § 25401.

13           For the reasons stated above with respect to the Fourth Cause of Action, the Court

14   finds the Sixth Cause of Action is not pleaded in conformity with the heightened pleading

15   requirement of Rule 9(b).

16           Accordingly, the Sixth Cause of Action will be dismissed, with leave to amend.

17   **E.  Seventh Cause of Action**

18           In support of the Seventh Cause of Action, titled "Pendent Claim–Rescission Based

19   Upon Sale of Securities in Violation of Qualification Requirements," La alleges that Allen, in

20   exchange for the $105,000 she allegedly gave him, sold La a "secured interest in Forever

21   Diamonds," specifically, "an offering for capitalization purposes."  (See FAC ¶¶ 75, 76.)  La

22   also alleges the "sale was subject to qualification, was not exempt from qualification, and

23   was not and to date of this complaint has not been qualified as any kind of securities

24   transaction with the [California] Commissioner of Corporations."  (See FAC ¶ 76.)[5]  As

25   relief, La seeks to recover the $105,000.

26

27         [5]Such allegation appears to implicate requirements set forth in the California
28   Corporations Code, although the specific provision(s) on which La may be relying is/are not set forth in the Seventh Cause of Action.

1    In their motion to dismiss, defendants do not argue that La has failed to allege

2 sufficient facts to state a claim under state law.  Rather, defendants seek dismissal for the

3 asserted reason that La "cannot prove that [d]efendants sold her a 'security'." (<u>See</u> Defs.'

4 Mot. at 16:6-7.)  As discussed above with respect to the Third Cause of Action, however,

5 La need not offer evidence or proof in order to defeat a motion to dismiss for failure to state

6 a claim of this nature.

7    Accordingly, defendants have failed to show the Seventh Cause of Action is subject

8 to dismissal at the pleading stage.

9                                **CONCLUSION**

10    For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in

11 part and DENIED in part, as follows:

12    1.  To the extent defendants seek dismissal of the First, Fourth, and Sixth Causes of

13 Action, the motion is GRANTED, and said causes of action are hereby DISMISSED with

14 leave to amend.  If La seeks to cure the deficiencies identified above, La shall file a Second

15 Amended Complaint no later than March 20, 2009.

16    2.  To the extent defendants seek dismissal of the Third and Seventh Causes of

17 Action, the motion is DENIED.

18    **IT IS SO ORDERED.**

19

20 Dated: February 26, 2009

21                                                    MAXINE M. CHESNEY
                                                     United States District Judge

22

23

24

25

26

27

28

                                        8