1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   GRACE E. LA,                              No. C-08-5230 MMC

12          Plaintiff,                         **ORDER GRANTING DEFENDANTS'
                                               MOTION TO DISMISS; DISMISSING
13     v.                                      CLAIMS WITH LEAVE TO AMEND;
                                               CONTINUING CASE MANAGEMENT
14   ANDRA LEONARD ALLEN, et al.,              CONFERENCE**

15          Defendants

16   _____/

17

18          Before the Court is defendants Andra Leonard Allen ("Allen") and Forever

19   Diamonds's Motion to Dismiss for Failure to State a Claim, filed March 30, 2009.  Plaintiff

20   Grace E. La ("La") has filed opposition, to which defendants have replied.  Having read and

21   considered the papers filed in support of and in opposition to the motion, the Court rules as

22   follows.[1]

23          By order filed February 26, 2009, the Court dismissed with leave to amend the First,

24   Fourth, and Sixth Causes of Action in La's First Amended Complaint ("FAC"), all of which,

25   with the exception of a single "count" within the First Cause of Action, having been based

26   on a theory of intent to defraud.  On March 19, 2009, La filed the Second Amended

27   Complaint ("SAC").  By the instant motion, defendants argue that La again fails to state a

28   _____

                   [1]By order filed May 27, 2009, the Court took the matter under submission.

1   claim to the extent her causes of action are based on a theory of intent to defraud.

2   **A. First Cause of Action**

3          The First Cause of Action consists of three "counts," the second and third of which

4   are based on a theory of intent to defraud.  Such counts are based on Allen's having made

5   the following allegedly false statements on February 5, 2007:  (1) Allen "offered to sell [La]

6   an ownership interest in Forever Diamonds in exchange for [La] paying [Allen] a total sum

7   of [ ] $105,000.00" (see SAC ¶ 15.a); (2) Allen "informed [La] that he hoped to earn over [ ]

8   $3,000,000 in the then-upcoming fiscal year" (see SAC ¶ 15.b); (3) Allen "represented to

9   [La] that investing in Forever Diamonds would be a sound investment" (see SAC ¶ 15.c);

10  and (4) Allen "informed [La] that she would begin to see a profit from her investment by July

11  2007" (see id.).  According to La, however, Allen "had no intention of ever giving [La]

12  documented proof of her ownership interest in Forever Diamonds."  (See SAC ¶ 16.a.)

13         "In a securities fraud action, a pleading is sufficient under Rule 9(b) if it identifies the

14  circumstances of the alleged fraud so that the defendant can prepare an adequate

15  answer."  Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).  To provide sufficient

16  notice, the plaintiff, in addition to alleging the "time, place and nature of the alleged

17  fraudulent activities," must "plead evidentiary facts" to establish any allegedly false

18  "statement was untrue or misleading when made."  See id.  Further, under the Private

19  Securities Litigation Reform Act of 1995 ("PSLRA"), the plaintiff must plead "the reason or

20  reasons why [each] statement is misleading, and, if an allegation regarding the statement

21  or omission is made on information and belief, the complaint shall state with particularity all

22  facts on which that belief is formed."  See In re Daou Systems, Inc., 411 F.3d 1006, 1014

23  (9th Cir. 2005) (internal quotation and citation omitted).  In so doing, the plaintiff must

24  "reveal the sources of her information."  See id. at 1015 (internal quotation and citation

25  omitted).

26         **1. Count Two**

27         In Count Two, La alleges a violation of 15 U.S.C. § 77l(a)(2).

28  //

2

1              **a. Promise To Provide Ownership Interest**

2          Assuming Allen's alleged promise to provide an ownership interest in Forever

3  Diamonds constitutes an actionable "statement" for purposes of a claim under § 77l(a)(2),[2]

4  the Court finds La has failed to sufficiently allege such promise was false when made.  See

5  Fecht, 70 F.3d at 1082.

6          To show falsity at the time of the alleged promise, La relies on a March 2007

7  statement, made by Allen in response to La's request at that time for documentation of her

8  ownership interest, that he had spoken to his counsel and had determined that "drafting

9  and providing such documentation would be 'very complicated'" (see SAC ¶ 16.1), as well

10 as a declaration submitted by Allen in the course of the instant action in which Allen

11 referred to the $105,000 as a "gift" (see SAC ¶ 16.a).

12         With respect to the former, however, La has not alleged any promise or agreement

13 to document the purchase, whether made at the time of the alleged false promise or

14 otherwise, nor, given the relative lack of formality attending the alleged purchase and lack

15 of any specified terms thereof, does the absence of documentation necessarily give rise to

16 an inference of fraudulent intent at the inception of such purchase agreement.  Further, La

17 does not allege Allen did not in fact speak to his counsel about La's request for

18 documentation.

19         With respect to the latter, La is seeking, in essence, to use Allen's declaration as an

20 admission of his intent not to perform the alleged promise.  The flaw in La's logic, however,

21 is that Allen has not admitted a promise was made and then admitted his intent not to

22 perform it; rather, by stating La made a gift to him, Allen states there was no such promise

23 in the first instance.  (See Allen Decl., filed June 19, 2008, ¶¶ 16, 19.)[3]  Indeed, if a

24 ────────────────

25         [2]La has, in essence, alleged a promise without intent to perform.  Defendants do not
   argue that a promise does not constitute a "statement of material fact" or a "statement" that
26 "omits . . . a material fact."  See 15 U.S.C. § 77l(a)(2).  Consequently, the Court, for
   purposes of the instant motion, assumes the alleged promise can constitute actionable
27 conduct under § 77l(a)(2).

28         [3]The Court takes judicial notice of Allen's June 19, 2008 declaration for the sole
   purpose of determining what he stated therein.

                                        3

1    defendant's denial of an agreement alleged by a plaintiff could itself serve as evidence of a

2    fraudulent intent not to perform the alleged agreement, every defendant who contests such

3    plaintiff's version of the events at issue would do so under peril of the case being converted

4    from an action for breach of contract to an action for fraud.[4]

5                              **b.  Other Statements**

6          The other statements on which La relies are, as noted, that Allen "hope[d]" to earn

7    $3,000,000, that the investment was "sound," and that La would make a "profit" by July

8    2007.  Assuming such statements are actionable as statements of material fact as opposed

9    to nonactionable puffery, see Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134,

10   1145 (9th Cir. 1997) (holding "vague or highly subjective" claims "often amount to

11   nonactionable puffery"), or nonactionable prediction, see Bulgo v Munoz, 853 F.2d 710,

12   716 (9th Cir. 1998) (holding "actionable misrepresentation . . . cannot be based on an

13   expression of opinion or a prediction"), La fails to plead sufficient facts to support a finding

14   that any such statement was false when made.

15         In this instance, La relies on Allen's June 29, 2007 statement that he needed a

16   "personal loan" of $500 (see SAC ¶ 16.c), and Allen's June 19, 2008 declaration, in which

17   he "state[d] that his 'customers and industry relationships dwindled down over time to the

18   point where there is almost no business done through Forever Diamonds at this time'" (see

19   SAC ¶ 16.d).  Proof that a promise was made and proof that the promise ultimately was not

20   kept is not, however, sufficient to allege fraud.  See Tenzer v. Superscope, Inc., 39 Cal.3d

21   18, 30 (1985).  "[S]omething more" is necessary.  See id.  Here, Allen's request for a

22   "personal loan" almost five months after the alleged statements is not a reflection of the

23   financial condition of Forever Diamonds at the time such statements were made, nor is

24   _____

25         [4]The Court recognizes that an intent not to perform a promise may be inferred from
     a defendant's "hasty repudiation of the promise, his failure even to attempt performance, or
26   his continued assurances after it was clear he would not perform."  See Tenzer v.
     Superscope, Inc., 39 Cal.3d 18, 30 (1985).  The distinction between cases drawing such
27   inference and the case herein, however, is that the alleged repudiation occurred in the
     course of the parties' dealings and prior to any litigation.  See, e.g., Butler v. Collins, 12
28   Cal. 457, 464 (1859) (holding evidence that defendant repudiated promise one week after
     making promise sufficient to support finding defendant never had intent to perform).

1   Allen's description of Forever Diamonds's changed circumstances over a period of years

2   thereafter.

3                         **c.  Conclusion As To Count Two**

4          Accordingly, the Court finds La has failed to sufficiently allege a claim under 15

5   U.S.C. § 77l(a)(2), and, consequently, Count Two of the First Cause of Action is subject to

6   dismissal pursuant to Rule 9(b) and the PSLRA.

7                   **2.  Count Three**

8          In Count Three, La alleges defendants violated 15 U.S.C. § 78j(b) and 17 C.F.R.

9   § 240.10b-5.  La bases Count Three on the same statements on which she bases Count

10  Two.  Accordingly, for the reasons stated above with respect to Count Two, the Court finds

11  La has failed to sufficiently allege a claim under 15 U.S.C. § 78j(b) and 17 C.F.R.

12  § 240.10b-5, and, consequently, Count Three of the First Cause of Action is subject to

13  dismissal pursuant to Rule 9(b) and the PSLRA.

14  **B.  Fourth Cause of Action**

15         In the Fourth Cause of Action, La alleges a state law claim of "intentional

16  misrepresentation."  In support of such claim, La alleges that Allen made, on various dates,

17  false statements to her and that La, in reliance thereon, gave Allen, over the course of

18  seven and a half months, the total sum of $181,000.  Specifically, La alleges, she gave to

19  Allen, on February 5, 2007, the sum of $105,000 as the investment described above (see

20  SAC ¶¶ 14, 80, 86), the sum of $75,000 on February 26, 2007 to invest in certificates of

21  deposit (see SAC ¶¶ 57, 80, 86), and, on two different occasions, loans in the amount of

22  $500 each (see SAC ¶¶ 76, 77, 80, 86).

23         As discussed above, La has failed to allege, in conformity with Rule 9(b), a claim

24  based on the statements made by Allen with respect to the sum of $105,000.[5]

25  _____

26         [5]The only additional statements alleged as evidence of fraud are Allen's statement
    that he was "knowledgeable in the jewelry business" (see SAC ¶ 81.a) and that he "held an
27  ownership interest" in Forever Diamonds (see SAC ¶ 81.b).  La fails to allege, however,
    that Allen was not knowledgeable in the jewelry business, and fails to allege that Allen did
28  not own an interest in Forever Diamonds.  Indeed, as La alleges, Forever Diamonds is
    Allen's "DBA."  (See SAC ¶ 15.b.)

With respect to La's allegation that Allen promised to invest on her behalf the sum of $75,000, La fails to allege facts sufficient to show such statement was false when made. First, La's reliance on Allen's declaration, in which Allen denies having made the promise on which La relies herein and, rather, states the sum was a "gift," is, as discussed above, insufficient to support a fraud claim. Second, La alleges no facts to refute Allen's alleged statements that he was "knowledgeable in investing money for others"[6] and that La would earn a higher rate of return in Texas.

Finally, with respect to the two alleged loans of $500 and Allen's promise to repay them, La, for the reasons discussed above, cannot rely on Allen's declaration that such funds were given as gifts, and La alleges no other facts to suggest Allen, at the time of such alleged promises to repay, did not intend to do so.

Accordingly, the Court finds La has failed to sufficiently allege a claim for intentional misrepresentation, and, consequently, the Fourth Cause of Action is subject to dismissal pursuant to Rule 9(b).

**C. Sixth Cause of Action**

In the Sixth Cause of Action, La alleges a claim titled "Rescission Based Upon Misrepresentation in Violation of California Corporation Code §§ 25401, 24501, 24503, 24504." In support of such claim, La alleges that Allen, on or about February 5, 2007, made "untrue" statements, and that, in reliance thereon, La purchased a "security" from Allen. (See SAC ¶¶ 97-100.) As a result of Allen's "material misrepresentations," La alleges, she is entitled to "rescind" her "purchase." (See SAC ¶¶ 100-01.)

The statements on which the Sixth Cause of Action is based are the same statements on which Count Two is based. (See SAC ¶¶ 18, 100.) Accordingly, for the reasons stated above with respect to Count Two, the Court finds La has failed to sufficiently allege a misrepresentation with the specificity required by Rule 9(b), and,

---

[6]To the extent La relies on her allegation that Allen lacked "formal training" (see SAC ¶ 84.a), such reliance is unavailing; lack of knowledge cannot be inferred merely from a lack of formal training.

1   consequently, the Sixth Cause of Action is subject to dismissal pursuant to Rule 9(b).

2   **D.  Leave to Amend**

3           In her opposition, La requests a further opportunity to amend in the event the Court

4   finds any of the challenged claims are subject to dismissal.

5           A court "should freely give leave when justice so requires."  <u>See</u> Fed. R. Civ. P.

6   15(a)(2).  In a case involving a claim of fraud, where a plaintiff has been given leave to

7   amend once, and is "endeavoring in good faith to meet the heightened pleading

8   requirements and to comply with court guidance," further leave to amend is appropriate

9   where such additional relief does not appear futile.  <u>See</u> <u>Eminence Capital, LLC v. Aspeon,</u>

10  <u>Inc.</u>, 316 F. 3d 1048, 1053 (9th Cir. 2003).

11          Accordingly, the Court will allow one further opportunity to amend.

12                                           **CONCLUSION**

13          For the reasons stated above, defendants' motion to dismiss is hereby GRANTED,

14  and Counts Two and Three of the First Cause of Action and the entirety of the Fourth and

15  Sixth Causes of Action are hereby DISMISSED with leave to amend.

16          Any Third Amended Complaint shall be filed no later than June 26, 2009.

17          Because the pleadings remain unsettled, the Case Management Conference is

18  hereby CONTINUED from June 12, 2009 to July 31, 2009; a Joint Case Management

19  Statement shall be filed no later than July 24, 2009.

20          **IT IS SO ORDERED.**

21

22  Dated:  June 5, 2009

23                                        MAXINE M. CHESNEY
                                          United States District Judge

24

25

26

27

28

                                              7